IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:13-cr-00010-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ANTHONY LEE MARTINEZ, | ) | By: Hon. Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Anthony Lee Martinez, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Martinez argues that his counsel rendered ineffective assistance in violation of the Sixth Amendment of the United States Constitution. The United States filed a motion to dismiss, and the time for Martinez to respond expired, making the matter ripe for disposition. After reviewing the record, the court grants the United States' motion to dismiss and dismisses the § 2255 motion.

I.
A.

From about May 2012 through July 2012, Martinez conspired with others to distribute and to possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine while already on supervised release from another federal conviction. During this time, Martinez engaged in multiple, specific acts of distribution, including providing methamphetamine to another person. (Plea Proffer, ECF No. 8, at 1; Plea Hr'g Tr., ECF No. 45, at 31:14 – 32:18.)

The United States filed a single-count Information pursuant to Federal Rule of Criminal Procedure 7(b), charging Martinez with conspiracy to distribute and to possess with intent to distribute fifty grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (the "Information"). The United States then filed an Information pursuant to 21

U.S.C. § 851 (the "§ 851 Information"), subjecting Martinez to enhanced penalties due to his prior felony drug conviction. (§ 851 Information, ECF No. 9.) With this enhancement, Martinez faced a mandatory twenty-year minimum term of imprisonment for the crime charged in the Information.

After negotiating with the United States, Martinez agreed to plead guilty to the lesser included offense of conspiracy to distribute and possess with intent to distribute fifty grams or more of a <u>mixture</u> containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The statutory penalty for this lesser included offense is five to forty years without a prior felony drug conviction, and ten years to life imprisonment with a prior felony drug conviction.

Martinez and the United States agreed that Martinez should serve a fifteen-year sentence for his crime. To that end, Martinez and the United States executed a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), agreeing to, <u>inter alia</u>, a fifteen year sentence. While the plea agreement recited that the statutory penalty included a term of supervised release, the specific term was left to the court to decide.

During the plea hearing, Martinez repeatedly expressed his understanding and acceptance to the plea agreement's terms, including the agreed-upon fifteen year sentence. The court further informed Martinez that he faced between an eight year and life term of supervised release and explained what the term "supervised release" meant. After its colloquy with Martinez and hearing the United States' proffer of evidence, the court concluded that Martinez's guilty plea was knowing, voluntary, and supported by the evidence. The court took Martinez's guilty plea under advisement and ordered the preparation of a Presentence Investigation Report to determine the applicable sentencing range under the United States Sentencing Guidelines.

The Presentence Investigation Report contained an advisory sentencing guideline range of 120 to 135 months.[1] Because the Rule 11(c)(1)(C) plea was outside the guideline range, the court was required to provide justifiable reasons for accepting the plea agreement. See United States Sentencing Guideline § 6B1.2(c)(2). At the first sentencing hearing on February 5, 2014, the court ordered the government to respond in writing to certain assertions made in Martinez's sentencing memorandum and continued the sentencing.

During the second sentencing hearing on April 23, 2014, the United States presented evidence of its investigation into Martinez's criminal conduct, and the court and parties repeatedly discussed the sentencing factors under 18 U.S.C. § 3553(a), Martinez's desire to receive the agreed-upon fifteen-year sentence, the applicable term of supervised release, and the United States' decision not to file a motion for substantial assistance in Martinez's case. (Second Sent'g Hr'g Tr., ECF No. 46, at 6-7, 9, 15-16, 18-19, 30-31, 51, 53-54, 62, 67-68.) Although the stipulated fifteen-year sentence was approximately three to five years longer than the guidelines sentence, the court found justifiable reasons to accept Martinez's guilty plea and imposed the fifteen year sentence, in accordance with Rule 11(c)(1)(C) and United States Sentencing Guideline § 6B1.2(c)(2). The court also sentenced Martinez to eight years' supervised release. The court's reasoning was stated on the record and set forth with specificity in the statement of reasons form. Martinez did not appeal.

---

[1] The court ultimately found Martinez's guideline range to be 121 to 151 months, as the government did not move for the third point for acceptance of responsibility under United States Sentencing Guideline § 3E1.1(b). (Second Sent'g Hr'g Tr., ECF No. 46, at 4.)

3

**B.**

In the § 2255 motion, Martinez presents four claims of ineffective assistance of counsel. Martinez argues counsel was ineffective by:

1. Verbally misinforming him that his sentence would be ten years based on the guideline range, mandatory minimum, and purported motion for substantial assistance;

2. Misadvising him that there were no collateral consequences like supervised release or deportation to the plea agreement;

3. Failing to argue the sentencing factors of 18 U.S.C. § 3553(a), including "the relative young age of the [Petitioner], [his] family ties and . . . support of such, [his] limited criminal history, and . . . the need for a limited sentence to properly educate and provide rehabilitation . . ."; and

4. Failing to ensure the United States filed a motion for substantial assistance for his benefit.

The United States argues that none of the claims are meritorious and that most are plainly contradicted by the record. The court agrees, grants the United States' motion to dismiss, and dismisses the § 2255 motion.

**II.**

A petitioner claiming ineffective assistance of counsel must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 671 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[2] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's

---

[2] "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998) (internal quotation marks omitted). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation[.]" Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

4

deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3] Id. at 694. A petitioner who ultimately pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Strickland, 466 U.S. at 694.

Martinez alleges in his first claim that counsel misinformed him that he would receive a ten-year sentence based on the 121 to 151 month sentencing guidelines range, the ten-year mandatory minimum, and purported motion for substantial assistance. Martinez alleges in his second claim that counsel erred by telling him he did not face any collateral consequences like supervised release or deportation. These allegations are directly refuted by the record, including Martinez's sworn statements during the plea hearing.

Martinez testified during the plea hearing that the plea agreement was translated for him, he read the entire plea agreement with counsel, and he understood all of its provisions. (Plea Hr'g Tr., ECF No. 45, at 14:10 – 15:16.) The plea agreement plainly states, "**The United States and I have agreed that I will be sentenced to a total of 180 months (15 years) of incarceration**," pursuant to Rule 11(c)(1)(C). (Plea Ag't, ECF No. 6, at 2 (original emphasis).) The plea agreement continued, "The United States and I have agreed that all other sentencing matters, including, but not limited to, supervised release, . . . are left to the Court's discretion." (Id.) By signing the plea agreement, Martinez acknowledged that the United States retained all of its rights under Federal Rule of Criminal Procedure 35(b), United States Sentencing Guideline

---

[3] If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether petitioner has satisfied the other prong. Id. at 697.

5

§ 5K1.1, and 18 U.S.C. § 3553(e), about whether to file a motion for substantial assistance. Martinez further acknowledged that the United States never agreed to file a motion for substantial assistance, even if he fully cooperated with law enforcement. (Id. at 3.) The court, the United States, counsel, and even Martinez himself acknowledged in open court that: Martinez would be sentenced to fifteen years' incarceration if the court accepted Martinez's guilty plea; he would be subject to a term of supervised release; the United States did not think Martinez provided any substantial assistance; and no one made any promises, threats, or side deals beyond the plea agreement. (Plea Hr'g Tr., ECF No. 45, at 17:8-16, 18:7-9, 20:12 – 21:10; 22:1-14, 24:1-2, 20-23, 25:12-20, 26:7-9, 27:1-10, 28:24 – 29:2; Second Sent'g Hr'g Tr., ECF No. 46, at 29:22 – 31:2, 39:19 – 40:13, 51:10, 58:2-9, 63:3-6, 67:5-10, 15-17.)

Martinez's sworn statements directly contradict his instant allegations about not knowing that he would be sentenced to fifteen years' incarceration and to a term of supervised release. Consequently, these allegations are neither credible nor meritorious. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Furthermore, Martinez testified that he was born in the United States. (Plea Hr'g Tr., ECF No. 45, at 10:17-24.) Thus, counsel cannot have performed deficiently for not advising Martinez about deportation. See, e.g., Perkins v. Elg, 307 U.S. 325, 334 (1939). Accordingly, Martinez's first two claims must be dismissed as meritless.

Similarly, Martinez's third allegation that counsel failed to present mitigation in accordance with 18 U.S.C. § 3553(a) is plainly contradicted by the record. Counsel's thorough sentencing memoranda, which diligently detailed each factor of § 3553(a), prompted additional inquiry into the appropriateness of the agreed-upon Rule 11(c)(1)(C) sentence. No deficient performance can be found with regard to counsel's presentation of mitigation, even if she may not have raised the specific arguments Martinez now raises. See Strickland, 466 U.S. at 689

(tactical decisions, like which argument to present, are entitled to deference). Moreover, Martinez cannot establish prejudice. The agreed-upon sentence was appropriate even after counsel presented more powerful arguments in her sentencing memorandum than what Martinez now presents. Accordingly, Martinez's third claim must be dismissed.

Finally, counsel cannot have performed deficiently for allegedly not ensuring that the United States filed a motion for substantial assistance on Martinez's behalf. Per the plea agreement, the United States reserved all its rights under Federal Rule of Criminal Procedure 35(b), United States Sentencing Guideline § 5K1.1, and 18 U.S.C. § 3553(e) to determine whether it would file such a motion. Counsel had no ability to compel the United States to file a motion for substantial assistance, and even if counsel tried to force the United States to do so, the United States established that Martinez had not provided any assistance. (Second Sent'g Hr'g Tr., ECF No. 46, at 30:25 – 31:2.) Accordingly, Martinez fails to establish deficient performance or prejudice, and this claim also must be dismissed.

## III.

For the foregoing reasons, the court grants the United States' motion to dismiss and dismisses the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Based upon the court's finding that Martinez has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 15th day of March, 2016.

/s/ Michael F. Urbanski
United States District Judge